**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10460

_____

MT. HAWLEY INSURANCE COMPANY,

*Plaintiff-Appellant*,

*versus*

H&M BUILDERS, LLC,

*Defendant-Appellee*,

PERSONAL REP. GLORIA ESCALANTE,

*Intervenor Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23091-KMM

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

KIDD, Circuit Judge:

Mt. Hawley Insurance Company sought a declaratory judgment that it owed no duty to defend or indemnify its insured, H&M Builders, LLC, in a state-court action. After both parties moved for summary judgment, the district court granted summary judgment to H&M on the duty-to-defend claim. The district court reserved ruling on the duty-to-indemnify claim. Mt. Hawley then filed the present interlocutory appeal of that decision. While this appeal was pending, H&M settled the state-court action, and the state court dismissed the action pursuant to the settlement. The district court then dismissed the duty-to-indemnify claim as moot and entered final judgment.

We lack jurisdiction for three independent reasons: 1) the state-court action is no longer pending, 2) this appeal was improperly brought on an interlocutory basis, and 3) the district court has now entered a final judgment. We therefore dismiss this appeal.

## I. BACKGROUND

Alexander Aguilar was electrocuted while installing rebar at a construction site. H&M Builders, LLC, was a subcontractor on the same project. Mt. Hawley Insurance Company issued a commercial general liability insurance policy to H&M that was in effect on the day of the incident. Gloria Escalante, as personal representative of Aguilar's estate, filed a wrongful death action in state court against H&M and other entities, alleging that their negligence in failing to maintain the worksite caused Aguilar's death.

Mt. Hawley provided H&M a defense in state court, but reserved its right to challenge any obligation to do so. Mt. Hawley

24-10460                Opinion of the Court                3

then asked a federal court to declare, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Mt. Hawley had no duty to defend or indemnify H&M in the state-court action that Escalante had filed. The district court reserved ruling on the duty-to-indemnify issue until the parties resolved the state-court action. Then each of the parties filed motions for summary judgment on the duty-to-defend issue. The district court denied Mt. Hawley's motion and granted H&M's and Escalante's motions, finding that Mt. Hawley had a duty to defend H&M in the state-court action. Mt. Hawley then filed this interlocutory appeal.

Now comes the critical part of the timeline: After Mt. Hawley filed its opening brief, but before H&M filed a response brief, the parties in the state-court action settled. The state-court action was then dismissed because of the settlement. And the district court subsequently dismissed the duty-to-indemnify claim as moot and entered a final judgment in the case below.

## II. STANDARD OF REVIEW

Although the parties do not challenge our jurisdiction to hear this appeal, we are nevertheless obligated to review "sua sponte whether we have jurisdiction." *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1251 (11th Cir. 2022) (citation modified).

## III. DISCUSSION

Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1; *see also Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d

1262, 1273 (11th Cir. 2001). In all federal cases, the threshold question is whether a justiciable controversy exists. *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991). The existence of a justiciable controversy is a jurisdictional requirement. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "There are three strands of [the] justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (citation modified). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

The Declaratory Judgment Act states that "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); *see Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) ("The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995))).

We lack jurisdiction to hear this appeal for three reasons. First, this interlocutory appeal no longer presents an "actual controversy" under the Declaratory Judgment Act because the state-court action has been settled and dismissed. In the joint response

to our jurisdictional question, the parties concede that the settlement and dismissal "put an end to any go-forward defense obligation Mt. Hawley owed to H&M" in the state-court action.

The parties nonetheless attempt to stipulate to our jurisdiction. But "parties may not stipulate to federal jurisdiction." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269–70 (11th Cir. 2013). Perhaps recognizing that, the parties take two more swings at the jurisdictional ball. First, they argue that Mt. Hawley could potentially recover defense costs if the duty-to-defend ruling is reversed. Second, they argue that H&M could recover attorney fees under Florida law if the ruling is affirmed. Both arguments miss the ball—a jurisdictional strikeout.

The parties attempt to distinguish our unpublished decision in *Medmarc Casualty Insurance Co. v. Yanowitch*, No. 22-11092, 2023 WL 5527761 (11th Cir. Aug. 28, 2023). Though *Medmarc* is not binding in the present case, we nevertheless find its reasoning to be sound. In *Medmarc*, the insurers appealed an interlocutory order declaring that they owed a duty to defend. *Id.* at *1. While the appeal was pending, the underlying state-court action was dismissed with prejudice. *Id.* The insurers argued that a live controversy remained because affirmance could entitle the insureds to an award of attorney fees under Florida law. *Id.* We rejected that argument, explaining that we "cannot provide meaningful relief when the insurers have already provided a defense and the underlying state and federal actions have since been dismissed." *Id.*

The parties argue that *Medmarc* is different from the present case because the district court below did not dismiss the federal coverage action. That distinction is immaterial. In a duty-to-defend declaratory action, the existence of a live controversy depends on whether there is an actual dispute over a *present* defense obligation. *See* 28 U.S.C. § 2201(a); *U.S. Fire Ins. Co.*, 931 F.2d at 747–48 ("The controversy must be live throughout the case; federal jurisdiction is not created by a previously existing dispute. . . . Indeed, the settlement of a dispute generally renders a case moot.") (citation modified). No live dispute remains when the state-court action giving rise to the alleged duty to defend has been resolved and dismissed. Because determining whether Mt. Hawley has a duty to defend H&M will not affect the closed state-court case, this action no longer presents a live controversy. *Ethredge*, 996 F.2d at 1175; *U.S. Fire Ins. Co.*, 931 F.2d at 747–48.

The second reason we lack jurisdiction to hear this appeal is that, even if the state-court action were still pending, the district court's summary judgment order did not contain any injunctive qualities. And we require those injunctive qualities before we review this type of order on an interlocutory basis.

"Ordinarily, our jurisdiction is limited to appeals from final decisions of the district courts that end the litigation on the merits and leave nothing more for the district court to do but execute the judgment." *APM Terminals Mobile, LLC v. Int'l Longshoremen's Ass'n, AFL-CIO, Local 1410*, 159 F.4th 869, 871 (11th Cir. 2025) (alteration adopted) (citation modified). But we have jurisdiction to review a

nonfinal order granting or denying an injunction. 28 U.S.C. § 1292(a)(1); *James River*, 22 F.4th at 1252. Recognizing this principle, we exercise jurisdiction over interlocutory appeals from a district court's summary judgment order when the order has injunctive qualities. *James River*, 22 F.4th at 1252. Otherwise, "in ordinary circumstances an interlocutory declaration of rights does not support appeal under § 1292(a)(1). . . . However, a declaration may take on such directive qualities that appeal is permitted notwithstanding the formal failure to provide for enforcement by contempt." 16 Wright & Miller's Federal Practice & Procedure § 3922 (3d ed. 2025) (citation modified).

An order has injunctive qualities when, for example, it is directed at a party, contains mandatory language enforceable by contempt, and provides relief on the merits. *See James River*, 22 F.4th at 1252–53. Along those lines, we have said that a district court's summary judgment order stating that the insurer "was required to pay the [i]nsureds' defense costs . . . constituted an injunction for purposes of § 1292(a)(1)." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Sahlen*, 999 F.2d 1532, 1535 (11th Cir. 1993). And even in the absence of mandatory language enforceable by contempt, we have found injunctive qualities in a summary judgment order that granted an insured's counterclaim for declaratory and injunctive relief. *James River*, 22 F.4th at 1253. Thus, we must examine on a case-by-case basis whether an order has injunctive qualities, considering the language of the order and the claims and counterclaims of the parties.

Mt. Hawley moved for reconsideration of the court's summary judgment order, or alternatively, for Rule 54(b) certification. Mt. Hawley maintained, and the court agreed, that the order was immediately appealable based on *Addison Insurance Co. v. 4000 Island Boulevard Condominium Ass'n*, 721 F. App'x 847, 853 (11th Cir. 2017). That case is unpublished and therefore nonbinding. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). And we decline to adopt *Addison Insurance* to the extent that it may be read to treat as immediately appealable *any* partial summary judgment order on the duty to defend, rather than only those with injunctive qualities. 721 F. App'x at 853 (citing *Sahlen*, 999 F.2d at 1535). Instead, we find that *Sahlen* and *James River* support our conclusion that § 1292(a)(1) jurisdiction arises only when a district court's order on an insured's duty-to-defend claim has injunctive qualities—for example, the order contains language mandating that an insurer must provide its insured a defense in an underlying action, or must pay defense costs in such action, or rules on an insurer's request for injunctive relief, or an insured's counterclaim seeking declaratory or injunctive relief.

Here, the district court's summary judgment order does not contain any mandatory language directed at Mt. Hawley, Mt. Hawley did not seek injunctive relief, and H&M did not file a counterclaim seeking declaratory or injunctive relief. Without any injunctive qualities, the order is not akin to an injunction that would be reviewable under 28 U.S.C. § 1292(a)(1), and we lack jurisdiction to

consider it. *James River*, 22 F.4th at 1252–53; *Sahlen*, 999 F.2d at 1535; 16 Wright & Miller § 3922.

Finally, the third reason we lack jurisdiction to consider this appeal on an interlocutory basis is that the district court has now entered a final judgment. After the state-court action was dismissed and while this appeal was pending, the district court dismissed the duty-to-indemnify claim as moot. It then entered final judgment against Mt. Hawley and in favor of H&M based on its summary judgment ruling. Therefore, any appeal is properly taken from the final judgment. *See Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993) ("When a district court enters a final judgment, all prior non-final orders and rulings which produced the judgment are merged into the judgment and subject to review on appeal." (citation modified)).

## IV. CONCLUSION

We **DISMISS** this appeal for lack of jurisdiction.

24-10460                 NEWSOM, J., Concurring                 1

NEWSOM, Circuit Judge, concurring in part:

The majority opinion says that "[w]e lack jurisdiction for three independent reasons." Maj. Op. at 2. One is plenty; accordingly, I concur only in the majority's "[f]irst" reason, the discussion of which spans pages 5–6 of its opinion. "Reasonable minds can differ, of course, but my own view . . . is that federal appellate courts should issue fewer alternative holdings." *United States v. Files*, 63 F.4th 920, 931 (11th Cir. 2023) (Newsom, J., concurring).